Dear State Senate, Littlefield
¶ 0 This office has received your request for an official Attorney General Opinion in which you ask, in effect, the following question:
Can a Board of County Commissioners in Oklahoma enter into acontract with a county, city or town of another state, for thepurpose of incarcerating another state's inmates in an Oklahomacounty jail?
¶ 1 Your question may be answered by reviewing the Interlocal Cooperation Act ("Interlocal Act"), 74 O.S. 1991 and Supp. 1999,§§ 1001-1008.
¶ 2 The legislature has stated the following purpose for the Interlocal Act:
 It is the purpose of Section 1001 et seq. of this title to permit local governmental units to make the most efficient use of their powers by enabling them to cooperate with other localities on a basis of mutual advantage and thereby to provide services and facilities in a manner and pursuant to forms of governmental organization that will accord best with geographic, economic, population and other factors influencing the needs and development of local communities. The cooperating governmental units can, if they deem it necessary, create an entity to carry out the cooperative functions.
74 O.S. Supp. 1999, § 1001[74-1001].
¶ 3 Section 1004 of the Interlocal Act gives a public agency broad authority to enter into an agreement with a public agency from another state. This section, in pertinent part, provides:
 (a) Any power or powers, privileges or authority exercised or capable of exercise by a public agency of this state may be exercised and enjoyed jointly with any other public agency of this state, and jointly with any public agency of any other state or of the United States to the extent that laws of such other state or of the United States permit such joint exercise or enjoyment. Any agency of the state government when acting jointly with any public agency may exercise and enjoy all of the powers, privileges and authority conferred by this act upon a public agency.
¶ 4 The term "public agency" includes any political subdivision of this state or any other state. See 74 O.S. Supp. 1999, §1003[74-1003](A)(1), (5).
¶ 5 The Interlocal Act specifically authorizes contracts for governmental services. Section 1008 provides in pertinent part:
 A. Any one or more public agencies may contract with any one or more other public agencies to perform any governmental service, activity, or undertaking which any of the public agencies entering into the contract is authorized by law to perform, provided that such contract shall be authorized by the governing body of each party to the contract. Such contract shall set forth fully the purposes, powers, rights, objectives and responsibilities of the contracting parties.
¶ 6 Moreover, an agreement to incarcerate inmates made in accordance with the Interlocal Act is explicitly authorized by74 O.S. 1991, § 195[74-195] which provides[1]
 Any county, city or town is hereby authorized to contract, in accordance with the Interlocal Cooperation Act, with any other county, city or town for incarceration of prisoners awaiting trial or serving a sentence, so long as the jail facility where said prisoners are to be held is in compliance with the standards established by this act.
¶ 7 In construing statutes, we look to the language to determine if the legislative will is clear and unambiguous. SeeCox v. Dawson, 911 P.2d 272, 276 (Okla. 1996). Here, it is.
¶ 8 It is, therefore, the official Opinion of the AttorneyGeneral that:
By virtue of the Interlocal Cooperation Act, 74 O.S. 1991and Supp. 1999, §§ 1001-1008 and 74 O.S. 1991, § 195[74-195], aBoard of County Commissioners in Oklahoma can lawfully enter intoa contract with a county, city or town of another state toincarcerate inmates from another state so long as the jailfacility complies with the standards established by Oklahomalaw.
W.A. DREW EDMONDSON ATTORNEY GENERAL OF OKLAHOMA
GRETCHEN ZUMWALT ASSISTANT ATTORNEY GENERAL
[1] A county has authority to house prisoners pursuant to 57O.S. 1991, § 41[57-41] which provides that every county shall have a jail, or access to a jail in another county for the safekeeping of prisoners lawfully committed.